IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Corieal Larome Holmes, | ) | Case No. 9:22-cv-00595-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| FNU Borck, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court upon Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment. ECF No. 22. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Molly H. Cherry for pre-trial proceedings and a Report and Recommendation ("Report"). On September 23, 2022, the Magistrate Judge recommended that Defendant's Motion for Summary Judgment be granted and that Plaintiff's claims be dismissed without prejudice. ECF No. 28. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. Plaintiff filed objections, and Defendant filed a Reply. ECF Nos. 30, 31.

**STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The

Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. See *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## **DISCUSSION**

Plaintiff brings the present action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). The Magistrate Judge provides a thorough recitation of the relevant facts and the applicable law which the Court incorporates by reference. The Court has conducted a de novo review of the record, the Report, and the applicable law.

The Magistrate Judge recommends granting summary judgment as to Plaintiff's claims because he failed to fully exhaust his administrative remedies. ECF No. 28. The Magistrate Judge determined that Plaintiff did not properly exhaust his administrative remedies by pursuing all of the steps available to him through the Bureau of Prisons ("BOP") administrative remedy process. Liberally construing Plaintiff's objections, he argues that he exhausted his administrative remedies, that Defendant waived this

argument, and that he was being held in total lock down and courts were closed due to COVID-19.[1]  ECF No. 30.  The Court will address each objection in turn.

With respect to Plaintiff's argument that he exhausted his administrative remedies, he states that "the court is in possession of the exhausted administrative remedies . . . ." ECF No. 30 at 2.  Presumably, he is referring to the evidence in the record that was considered by the Magistrate Judge.  As explained in more detail by the Magistrate Judge, while Plaintiff did begin the process, he failed to properly exhaust his administrative remedies because he did not appeal to the Central Office.  ECF No. 28 at 9 (citing ECF No. 22-1 at 3).  Plaintiff has provided no evidence in support of his assertion that he fully complied with the requisite exhaustion procedure.  Accordingly, this objection is overruled.

Plaintiff's objection that Defendant waived any argument based on exhaustion appears to be a misunderstanding of the relevant law.  Plaintiff seems to believe that, because exhaustion of administrative remedies is an affirmative defense, that it must have been raised before Defendant's present motion.  There is no indication in the record that Defendant has waived this affirmative defense.  Accordingly, Plaintiff's objection is overruled.

Finally, Plaintiff seems to argue that the exhaustion procedure was unavailable to him because he was on lock down and the Court was closed due to COVID-19 "during the time in question."  With respect to Plaintiff's statement that the Court was closed,

---

[1] Plaintiff also argues the merits of his claims, which the Court does not reach.

during the entirety of the COVID-19 pandemic, the public has been able to file documents with the Court. Moreover, in his Reply, Defendant provides the declaration of M. Paimpalil, the Executive Assistant and Administrative Remedy Coordinator for FCI Williamsburg, who avers that during the pandemic, there were "limitations on the inmate movement throughout the facility. However, even during modified operations, inmates had the opportunity to file administrative remedies and utilize the administrative remedy process." ECF No. 31-1 at 2. M. Paimpalil further states that 323 administrative remedies were submitted in 2019, 348 administrative remedies were submitted in 2020, and 376 administrative remedies were submitted in 2021 at FCI Williamsburg. *Id.* at 3. In light of the evidence submitted by Defendant, the Court overrules Plaintiff's objection.

## **CONCLUSION**

Based on the foregoing, the Court agrees with the recommendation of the Magistrate Judge. Defendant's motion for summary judgment [22] is **GRANTED** and Plaintiff's claims are dismissed without prejudice.[2]

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

November 1, 2022
Spartanburg, South Carolina

---

[2] As the dismissal is based on failure to exhaust, it should be without prejudice. *See Armstrong v. Scribner*, 350 F. App'x 186, 2009 WL 3497769 at * 1 (9th Cir. Oct. 30, 2009); *cf. Greene v. Meese*, 875 F.2d 639, 643 (7th Cir. 1989).